### SCHMERLER v. BARASCH.

(Supreme Court, Appellate Term. May 7, 1909.)

1. INSURANCE (§ 624*)—ACTIONS—PARTIES—PLAINTIFFS.

   Where plaintiff insured a watch, which he was sending to his father in Europe, it may be inferred that he intended to retain title until it was safely delivered to his father, nothing appearing to the contrary, so that plaintiff was the proper party to sue for the insurance money for its nondelivery.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1557; Dec. Dig. § 624.*]

2. EVIDENCE (§ 243*)—ADMISSIONS—ADMISSIONS BY AGENT.

   Where plaintiff dealt with defendant's authorized agent in insuring the safe delivery of a watch which he was sending to another, the agent's statements as to the loss of the watch were improperly stricken in an action for the insurance money; plaintiff's right to recover being clear.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 910; Dec. Dig. § 243.*]

3. APPEAL AND ERROR (§ 197*)—PRESENTATION BELOW—VARIANCE.

   Defendant cannot first object, on appeal in an action to recover insurance money for a watch delivered to defendant's agent for shipment, that the action was originally in conversion and no amendment was asked, where he failed to move to dismiss on that ground; plaintiff's right to recover being clear.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 197.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Schmerler against Sigmund W. Barasch. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

See, also, 113 N. Y. Supp. 745.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Barnett E. Kopelman, for appellant.
Feltenstein & Rosenstein, for respondent.

PER CURIAM. This is an appeal from a judgment dismissing the complaint. Plaintiff testified that he delivered a watch and chain to defendant's agent for shipment to Europe. One dollar was paid for shipment, and $1.20 for insurance at the agreed value of $60, for which sums plaintiff was given a receipt. It would appear that the watch was never delivered, and, after waiting several months at the request of defendant's agent, plaintiff brought suit. Upon the former trial of this case the complaint was dismissed, which judgment was reversed by this court, and a new trial ordered. At that time this court said:

"Upon this appeal, not only is the plaintiff's evidence entitled to belief, but also to such favorable inferences as may reasonably be drawn therefrom."

The facts presented on this appeal differ somewhat from the one previous. It is contended that plaintiff is not the proper party to bring suit, but that it should be brought by the father in Europe, who was the consignee. It was proved conclusively that plaintiff insured the watch, which he was sending to his father as a gift. From that fact it requires no distortion of legal principles to infer that he intended to retain title until its safe delivery to the consignee. Nowhere does it appear that the plaintiff effected insurance for the consignee, nor would a man of his type be even suspected of entertaining any such legally altruistic thought. His whole thought was of his own interest, and there can be no reasonable question of his capacity to sue.

Defendant also endeavored to avoid the effect of his agent's admissions, made in the course of his regular business and within the apparent scope of his authority. From the testimony it would appear that defendant's agent, Bickel, was the only one in charge of the store and the only one plaintiff had any dealings with. Defendant clearly held him out to the world as his agent for the purpose of conducting his regular business of "Banking, Passage, and Exchange," to quote his letter head, and if he is to reap the fruits of his agency it is but just to impose upon defendant the corresponding obligations. In the somewhat similar case of McCotter v. Hooker, 8 N. Y. 497, 503, Mr. Justice Gardiner said:

"I think the declaration of the agent in relation to property intrusted to him in the usual course of business, as to the reasons of the delay in the transportation, and even as to the contract made with him in reference to the carriage, admissible as a part of the res gestæ of the particular agency." Fein v. Weir, 129 App. Div. 299, 310, 114 N. Y. Supp. 426.

It was error of the trial justice to strike out the statements of defendant's agent as to the loss of the watch. In a case of this character, where the rights of the parties are apparent, technicalities should not be permitted to override true justice. This remark also applies to defendant's suggestion that this action is brought in conversion and that no amendment has been asked. Defendant failed to move for a dismissal on that ground.

We are of opinion that the trial justice erred in his ruling, and that the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.